UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JULIANA Z.-W.,

          Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

Case No. C25-5603-MLP

ORDER

## I.    INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends that the administrative law judge ("ALJ") erred by discounting evidence of Plaintiff's inflammatory bowel disease and in evaluating the medical opinion evidence. (Dkt. # 8.) The Commissioner filed a response arguing that the ALJ's decision is free of legal error, supported by substantial evidence, and should be affirmed. (Dkt. # 10.) Plaintiff filed a reply. (Dkt. # 11.) Having considered the ALJ's decision, the administrative record ("AR"), and the parties' briefing, the Court REVERSES the

ORDER - 1

Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).[1]

## II.   BACKGROUND

Plaintiff was born in 1963, has a college education, and has worked as a travel guide, bookkeeper, and case aide. AR at 104. Plaintiff was last gainfully employed in 2017. *Id.* at 51.

In November 2018 and January 2020, Plaintiff applied for benefits, alleging disability as of October 17, 2017. AR at 76-78. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 112, 126. After the ALJ conducted a hearing in December 2021, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 179-92. Plaintiff requested review from the Appeals Council, which remanded the claim for another hearing. *Id.* at 199-202. A second hearing was held in March 2024, after which the ALJ again issued a decision finding Plaintiff not disabled. *Id.* at 17-34.

Using the five-step disability evaluation process,[2] the ALJ found, in pertinent part, Plaintiff's severe impairments include cervical spine and thoracic spine disorder, depression, anxiety, and posttraumatic stress disorder ("PTSD"). AR at 19. She has the residual functional capacity ("RFC") to perform medium work except she is limited to frequent climbing of ramps or stairs; occasional climbing of ladders, ropes, or scaffolds; and occasional stooping, kneeling, crouching, and crawling. *Id.* at 22. She should avoid concentrated exposure to respiratory irritants and is limited to simple, routine, and repetitive tasks. *Id.*

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-3. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 1.)

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 2.)
[2] 20 C.F.R. §§ 404.1520, 416.920.

ORDER - 2

## III.    LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may overturn the Commissioner's denial of social security benefits if the ALJ's decision rests on legal error or is not supported by substantial evidence. *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up). In applying this standard, the Court must consider the record as a whole to determine whether it contains sufficient evidence to support the ALJ's findings. *Id.*

Although the Court evaluates the record as a whole, it is not permitted to reweigh the evidence or substitute its judgment for that of the ALJ. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021). The ALJ is tasked with evaluating testimony, resolving conflicts in the medical evidence, and addressing ambiguities in the record. *Smartt*, 53 F.4th at 494-95. Where the evidence can be interpreted in more than one rational way, the ALJ's decision must be upheld. *Id.* Even if the ALJ erred, reversal is not warranted unless the error affected the outcome of the disability determination. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The party challenging the ALJ's decision bears the burden of demonstrating harmful error. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## IV.    DISCUSSION

### A.    The ALJ Did Not Harmfully Err at Step Two

Plaintiff alleges the ALJ erred by failing to identify her irritable bowel disease ("IBD") as a severe impairment at step two, consequently omitting related limitations from the RFC. (Dkt. # 8 at 3-7.) The Commissioner asserts that the ALJ reasonably considered Plaintiff's

ORDER - 3

gastrointestinal impairments, and any alleged error at step two is harmless because step two was decided in Plaintiff's favor. (Dkt. # 10 at 2.)

Step two of the sequential disability analysis is a threshold determination meant to screen out weak claims. *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146-47 (1987)). The ALJ must determine whether the claimant has a "severe" impairment. 20 C.F.R. §§ 404.1520(c); 416.920(c). If the claimant has at least one severe impairment, the evaluation proceeds to step three. 20 C.F.R. §§ 404.1520(d); 416.920(d).

A claimant generally cannot be prejudiced by the ALJ's failure to consider an impairment as severe at step two, as long as the ALJ finds the claimant has at least one severe impairment and still addresses the non-severe impairment when considering the claimant's RFC. *Buck*, 869 F.3d at 1049. In assessing RFC, the ALJ must consider limitations imposed by all of an individual's impairments, severe or not. SSR 96-8p, 1996 WL 374184, at *5. "The RFC therefore *should* be exactly the same regardless of whether certain impairments are considered 'severe' or not." *Buck,* 869 F.3d at 1049 (emphasis original).

Even assuming the ALJ erred in neglecting to list IBD at step two, any error was harmless because the ALJ extensively discussed this impairment at step four of the analysis, therefore reflecting that the ALJ considered any limitations posed by the IBD at step four. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

**B.      The ALJ Did Not Err in Evaluating Plaintiff's Testimony**

Plaintiff argues that the ALJ improperly rejected her testimony regarding the severity of her inflammatory bowel disease. (Dkt. # 8 at 7). Absent evidence of malingering, an ALJ is required to provide clear and convincing reasons for discounting a claimant's testimony. *See Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017). That said, the ALJ is not required to

ORDER - 4

believe every allegation, nor to analyze testimony line by line. *See Ahearn*, 988 F.3d at 1116; *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). The question is not whether this Court is convinced, "but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt*, 53 F.4th at 499.

Plaintiff contends the ALJ applied an incorrect legal standard when she discounted her testimony as "not entirely consistent with the medical evidence and other evidence in the record." (Dkt. # 8 at 6.) The Ninth Circuit rejected this exact argument in *Smartt v. Kijakazi*—a case that Plaintiff, strangely enough, cites to support her position. 53 F.4th at 499.

In *Smartt,* as here, the claimant argued that the ALJ's use of the phrase "not entirely consistent with the medical evidence" improperly "penalized her for not providing objective medical evidence fully corroborating the severity of her self-reported symptoms." 53 F.4th at 498. The Ninth Circuit observed that the phrase "not entirely consistent with the medical evidence" is commonly used by ALJs and has generated challenges on appeal. *Id.* at 499 n. 2. The Ninth Circuit concluded, however, that these challenges have misread the "not entirely consistent" boilerplate. *Id.* at 498-99. The Ninth Circuit explained that ALJs often use the phrase "not entirely consistent with" to indicate that the claimant's testimony is inconsistent with other evidence in the record. *Id.* Because that was the case in *Smartt,* the Ninth Circuit rejected the claimant's assertion of legal error. *Id.* The same reasoning applies here.

At the beginning of her testimony evaluation, the ALJ accurately recited the two-step process for evaluating Plaintiff's symptom testimony. AR at 23. Then, in the pages following the legal recitation, the ALJ spent several paragraphs discussing the medical record and highlighting inconsistencies between this record and Plaintiff's testimony. *Id.* at 23-28. When properly understood in context, "not entirely consistent with the medical evidence" functions as a

ORDER - 5

reasonable summary transition from the legal framework into specific case analysis, warning the reader that the ALJ found some, but not all, of the claimant's testimony credible. *Id.* Boilerplate such as this is common in ALJ decisions. When it is not accompanied by a case-specific analysis, it is problematic. *See Treichler v. Comm'r of Soc. Sec.,* 775 F.3d 1090, 1102-03 (9th Cir. 2014). But it is not grounds for the reversal of an otherwise legitimate decision. *Smartt,* 53 F.4th at 498.

The ALJ provided a case-specific analysis here. At her hearing, Plaintiff testified that she may need to run to the bathroom urgently two or three times a day depending on the time of day and what she had eaten before. AR at 85. She stated that if she had eaten beef, she could be in the bathroom three or four times in an hour. *Id.* In the function report associated with her disability application, she reported that she has to use the bathroom for four hours in the morning and that she has painful bowels. *Id.* at 558. The ALJ acknowledged Plaintiff experiences variable gastrointestinal symptoms, but found her claims about such frequent, unpredictable bathroom use inconsistent with a lack of such complaints in the medical record. *Id.* at 28 ("complaints of needing frequent bathroom or restroom use due to her gastrointestinal symptoms are surprisingly uncommon throughout"). She also noted that more recent treatment notes reflect only mild symptoms, and that Plaintiff reported problems were generally stable. *Id.* at 23-24. The ALJ also found Plaintiff's complaints inconsistent with her activities such as frequent travel between Alaska and Washington, working as an executive director of a nonprofit, and walking one mile daily in the woods and on the beach. *Id.* at 27.

These were "clear and convincing" reasons for the ALJ to discount Plaintiff's testimony. *See Carmickle v. Comm'r, Soc. Sec. Admin.,* 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."); *see also Greger v. Barnhart,* 464 F.3d 968, 972 (9th Cir. 2006) (failure

ORDER - 6

to report symptoms to providers is a valid basis to find symptom allegations unreliable); *Molina v. Astrue,* 674 F.3d 1104, 1113 (9th Cir. 2012) (even where a claimant's participation in activities suggest some difficulty functioning, "they may be grounds for discrediting the claimant's testimony to the extent they contradict claims of a totally debilitating impairment."). As the ALJ provided clear and convincing reasons for discrediting the testimony, which Plaintiff has failed to challenge, the Court affirms the ALJ's evaluation of Plaintiff's symptom testimony.

### C.    The ALJ Erred in Evaluating Medical Evidence

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c). These findings must be supported by substantial evidence. *Woods v. Kijakazi,* 32 F.4th 785, 792 (9th Cir. 2022).

#### 1.    *Luke McDaniel, M.D.*

In September 2023, Dr. McDaniel opined that Plaintiff was limited to sedentary work due to chronic hip and back pain and that she was unable to extend and flex her neck due to cervical spine fusion. AR at 3067. He noted Plaintiff would need to sit and stand at will to relieve pain. *Id.* Dr. McDaniel also opined upper extremity limitations due to cervical post-laminectomy syndrome and that Plaintiff would regularly need to use a restroom on short notice or on an urgent basis due to interstitial cystitis. *Id.* at 3068. He stated that Plaintiff may need unscheduled breaks up to every hour to urinate. *Id.* at 3070. Dr. McDaniel filled out an attorney-provided medical opinion form (*id.* at 3066-70) and a DSHS physical functional evaluation form (*id.* at 3048-53).

ORDER - 7

The ALJ found Dr. McDaniel's opinion unpersuasive because such severe limitations were not supported by his own treatment records and were inconsistent with the record as a whole. AR at 31. The ALJ found most of the medical evidence of record for the past year was behavioral notes, but Dr. McDaniel's exam notes did not provide much support. *Id.* For example, the ALJ noted that during the medical visit associated with his opinion, Dr. McDaniel stated that Plaintiff's hand complaints could not be objectively corroborated on examination. *Id.* The ALJ also remarked that Plaintiff had not sought much orthopedic care for her alleged hip and back problems recently other than some massages. *Id.* at 32. She also contrasted Dr. McDaniel's limitations with an examination in August 2022, where Plaintiff had normal muscle mass and range of motion, no tenderness in her extremities, and no neurological deficits. *Id.* at 31-32. The ALJ also found that Plaintiff's daily activities were "markedly inconsistent" with the limitations assessed by Dr. McDaniel. *Id.*

Plaintiff argues that the reasons cited by the ALJ fail "to account for or reject the limitations to regularly needing to use the restroom or necessity to take unscheduled breaks for the restroom entirely." (Dkt. # 8 at 10.) The Commissioner contends that the ALJ was not required to articulate the persuasive value of every limitation in Dr. McDaniel's opinion, and that the ALJ's overall analysis in rejecting the opinion was relevant to the restroom limitation. (Dkt. # 10 at 6-7).

An ALJ need not discuss all evidence presented to her, but she must explain why "significant probative evidence has been rejected." *Vincent v. Heckler,* 739 F.2d 1393, 1395 (9th Cir. 1984); *see also Flores v. Shalala,* 49 F.3d 562, 571 (9th Cir. 1995) ("the ALJ's written decision must state reasons for disregarding [such] evidence"). Dr. McDaniel is Plaintiff's treating physician, and his opinion that Plaintiff would need frequent unscheduled restroom

ORDER - 8

breaks is evidence which bears on the disability analysis. Thus, such evidence was significant and probative, and the ALJ was required to explain why she rejected it. *Vincent,* 739 F.2d at 1395; *Parker v. Barnhart,* 67 F. App'x 495, 497 (9th Cir. 2003) (finding the views of claimant's treating physicians to be "undeniably significant probative evidence); *Kilpatrick v. Kijakazi,* 35 F.4th 1187, 1193 (9th Cir. 2022) ("To engage in meaningful review of a disability claim, an ALJ may not ignore significant probative evidence that bears on the disability analysis.").

The evidence cited by the ALJ in finding Dr. McDaniel's opinion unpersuasive does not adequately explain why this limitation was rejected. Evidence of Plaintiff's normal muscle mass and range of motion, or that her hand complaints could not be corroborated on examination, have no bearing on whether Plaintiff required frequent unscheduled restroom breaks. AR at 31. And while the ALJ also found Dr. McDaniel's opinion "markedly inconsistent" with Plaintiff's ability to perform housekeeping and care for her mother, there is no indication that Plaintiff could not take breaks to use the restroom while performing these activities. AR at 32.

Accordingly, the Court finds the ALJ erred in her analysis of Dr. McDaniel's opinion. The ALJ's error in evaluating Dr. McDaniel's opinion was not harmless because it impacted her subsequent evaluation of Plaintiff's RFC and her step five findings.

### 2. Andrea Smith, PAC

Ms. Smith examined Plaintiff in January 2021 and opined that Plaintiff was limited to standing/walking for 30 minutes at a time, and cumulatively two to four hours in an 8-hour workday. AR at 945. She also limited Plaintiff to sitting for 30 minutes at a time, and cumulatively four to six hours in an 8-hour workday. *Id.* at 946. Ms. Smith also found Plaintiff could occasionally lift/carry 10 pounds and frequently lift/carry 5 pounds. *Id.* The ALJ found Ms. Smith's opinion unpersuasive as it was unsupported by Ms. Smith's grossly normal physical

ORDER - 9

examination and found such limitations out of proportion to the evidence of record and inconsistent with Plaintiff's own testimony and daily activities. *Id.* at 30. Specifically, the ALJ noted that Plaintiff has admitted she can lift at least 15 pounds and walks up to one mile in the woods and on the beach daily (flat and uneven terrain). *Id.*

Plaintiff argues that Ms. Smith's examination was not normal, noting that Ms. Smith found decreased sensation in the upper extremity neurological examination, weakened grip in the hands, abnormal straight leg raise, and pain in Plaintiff's cervical spine, lumbar spine, and wrists. (Dkt. # 8 at 11.) She also contends that nothing in the ALJ's discussion of the examination would explain why the reaching or standing/walking limits would be inconsistent with the record. *Id.*

While Plaintiff is correct that Ms. Smith's examination showed some abnormalities, she fails to address the ALJ's reasoning that the opined limitations were out of proportion with the examination and inconsistent with Plaintiff's activities of daily living. *See* AR at 30. For example, Plaintiff routinely reported taking daily walks to the beach and back, walking 45 minutes each way. *Id.* at 905, 907, 910, 921, 924, 1280. She has also reported that she walks 2.5 miles per day, six days per week. *Id.* at 2452-53, 2459-60, 2478-79. In October 2017, Plaintiff endorsed playing volleyball weekly. *Id.* at 662. Plaintiff has also reported traveling extensively, taking frequent trips between Washington and Alaska (*id.* at 662, 926, 1171, 2452, 2459), a solo road trip to California (*id.* at 2411), and a road trip to Florida with her husband (*id.* at 2479).

The ALJ reasonably found such activities inconsistent with Ms. Smith's opined limitations. *Rollins v. Massanari,* 261 F.3d 853, 856 (9th Cir. 2001) (an ALJ may reject an opinion where the physician identifies restrictions that "appear to be inconsistent with the level of activity that [the claimant] engaged in."). Although the ALJ may have erred in describing Ms. Smith's physical examination as normal without acknowledging the abnormal findings, such

ORDER - 10

error is harmless where the ALJ has also provided valid reasons for rejecting the opinion. *See Carmickle,* 533 F.3d at 1162-63. Since Plaintiff's argument fails to address the other reasons provided by the ALJ, the Court will not disturb the ALJ's decision on this matter.

**V.    CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reevaluate Dr. McDaniel's opinion, reassess the RFC as appropriate, and proceed through the remaining steps of the evaluation as appropriate.

Dated this 20th day of January, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 11